UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA WARNER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-139

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

### A.     Procedural History

Plaintiff filed for DIB and SSI in November 2010 alleging a disability onset date of March 1, 2009.  PageID 291-305.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, left-side weakness, and bipolar disorder.  PageID 81.

After initial denials of her applications, Plaintiff received a hearing before ALJ Thomas R. McNichols, II on November 15, 2012.  PageID 100-49.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 78-92.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since March 1, 2009 the alleged disability onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3. The claimant has the following severe impairments: left-side weakness of unknown etiology, bipolar disorder, cannabis abuse,[4] and anemia (of recent onset) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following restrictions and limitations: no climbing ladders, ropes, or scaffolds; no pushing or pulling with the left upper extremity; no exposure to hazards; no more than occasional use of foot controls with the left lower extremity; no contact with the general public; only

---

[4] There was no suggestion before the ALJ that Plaintiff's cannabis use or addiction was material to the question of her disability.  *See* 42 U.S.C. § 423(d)(2)(C).   Nor is that issue before the Court for review. *See* doc. 8.

      low-stress duties (i.e., no production quotas or over-the-shoulder supervision); no teamwork; and limited contact with co-workers and supervisors.[5]

6. The claimant is unable to perform [her] past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1970. At age 42, she is classified as a "younger individual" for Social Security purposes (20 CFR 404.1563 and 416.963).

8. The claimant has a high-school-equivalent education and additional training as a medical assistant (20 CFR 404.1564 and 416.964).

9. The claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568 and 416.964).

10. Considering her age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant was not disabled, as defined in the Social Security Act, from March 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 81-91.

    Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 53-56. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

---

[5] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

### B.    Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 80-89.  Plaintiff, in her Statement of Errors, summarizes the relevant medical evidence. Doc. 8 at PageID 710-11.  The Commissioner's memorandum in opposition defers to the ALJ's recitation of evidence.  Doc. 11 at PageID 733.  Except as otherwise stated in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence.  Where applicable, the Court will identify the medical evidence relevant to this decision.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled

under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly: (A) weighing the opinion evidence by her treating psychiatrist and treating therapist; and (B) assessing the credibility of her complaints of disabling symptoms and pain. *See* doc. 8 at PageID 712-24. These arguments are addressed in turn.

### A.     Opinion Evidence

Plaintiff argues that the ALJ failed to provide good reasons for rejecting the opinions of her treating psychiatrist, Ramakrishna Gollamudi, M.D. Doc. 8 at PageID 714-19. "An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds that opinion well-supported by

6

medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

i. Dr. Gollamudi

In 2009, Dr. Gollamudi opined that Plaintiff is "not able to work"; in 2010, he found that Plaintiff is "unemployable[.]" Doc. 8 at PageID 715; PageID 450, 491. The undersigned finds no merit to Plaintiff's argument -- that the ALJ did not provide "good reasons" for rejecting Dr. Gollamudi's opinions -- because the opinions concerned issues explicitly reserved to the Commissioner, *i.e.*, that Plaintiff is unable to work and thus disabled. 20 C.F.R.

§ 404.1527(d)(3) (such opinions are not "give[n] any special significance"); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").

### ii. Therapist Violand

The Court notes, however, that Dr. Gollamudi's ultimate conclusion is supported by an assessment completed by treating therapist Audrey Violand, M.S.S.W. in August 2011. *See* PageID 482-83. Therapist Violand began working with Plaintiff six years earlier, in 2005, and identified a number of issues that could well "prevent work activities[,]" such as Plaintiff's "high need for rest, poor attendance, poor stress tolerance, [and] difficulty with authority figures." PageID 482. Plaintiff argues that it was error for the ALJ to not "even mention [this] assessment" -- a claim unchallenged by the Commissioner. Doc. 8 at PageID 715; *see* doc. 11 at PageID 735-38.

While social workers are not "acceptable medical sources" whose opinions can establish whether a claimant has a "medically determinable impairment[,]" 20 C.F.R. § 404.1513(a), their opinions, as "other sources," may be used by an ALJ "to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. § 404.1513(d); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Other source opinions are entitled to consideration by an ALJ, and an ALJ's decision should reflect such consideration. *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *see also* SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). In other words, an ALJ "should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such

opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6; *see also Cruse*, 502 F.3d at 541.

Here, as Plaintiff notes, the ALJ did not mention or discuss therapist Violand's assessment. *See* PageID 78-92. While some of the limitations are arguably accounted for in Plaintiff's RFC, Plaintiff's "poor attendance," resulting from her impairments, is not. *See* PageID 86. Importantly, the vocational expert ("VE") testified that a hypothetical worker who is absent more than once per month would ultimately face termination. PageID 147. The lack of explanation regarding therapist Violand's opinion constitutes a "failure to follow agency rules and regulations" which, in turn, "'denotes a lack of substantial evidence.'" *Cole*, 661 F.3d at 939-40 (reversing in part because "the ALJ fail[ed] to mention . . . [Plaintiff's treating social worker] . . . and [gave] no reasons for not crediting her opinions") (citation omitted). Accordingly, the undersigned recommends that the ALJ's non-disability finding be reversed.

  **B.**   **Credibility**

In her second assignment of error, Plaintiff contends that the ALJ improperly found her less than fully credible. Doc. 8 at PageID 720-24. Finding remand warranted here on other grounds, *see supra*, the undersigned makes no finding with regard to this alleged error. Instead, Plaintiff's credibility -- along with all opinion evidence -- should be assessed by the ALJ anew on remand.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v.*

*Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, evidence of disability is not overwhelming in light of conflicting opinions in the record concerning Plaintiff's functional limitations.  *See, e.g.* PageID 157-58, 194-95, 450, 482, 491.  Instead, remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence, reassess Plaintiff's credibility, and determine Plaintiff's disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   May 20, 2015                                  *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

10

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).